**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, and ASTRAZENECA AB,<br><br>        Plaintiffs,<br>   v.<br><br>ACCORD HEALTHCARE, INC.,<br><br>        Defendant. | Case No. _____ |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, and AstraZeneca AB (collectively "Plaintiffs" or "AstraZeneca") bring this action for patent infringement against Accord Healthcare, Inc. ("Defendant" or "Accord").

## THE PARTIES

1. Plaintiff AstraZeneca Pharmaceuticals LP is a limited partnership organized under the laws of the State of Delaware, with its principal place of business at 1800 Concord Pike, Wilmington, Delaware 19850, U.S.A.

2. Plaintiff AstraZeneca UK Limited is a private limited company organized under the laws of England and Wales, with its registered office at 1 Francis Crick Avenue, Cambridge Biomedical Campus, Cambridge, United Kingdom, CB2 0AA.

3. Plaintiff AstraZeneca AB is a public limited liability company organized under the laws of Sweden with its principal place of business at Karlebyhus, Astraallén,

1

Södertälje, S-151 85, Sweden.

4. On information and belief, Defendant Accord Healthcare, Inc. is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business at 1009 Slater Road, Suite 210-B, Durham, North Carolina 27703.

5. On information and belief, Accord is in the business of manufacturing, marketing, and selling generic copies of branded pharmaceutical products throughout the United States, including within this District.

6. On information and belief, Accord filed Abbreviated New Drug Application ("ANDA") No. 211689 seeking regulatory approval from the U.S. Food and Drug Administration ("FDA") to market and sell a proposed generic fulvestrant intramuscular injectable, 50 mg/mL product throughout the United States, including within this District.

## NATURE OF THE ACTION

7. This is a civil action for patent infringement under the patent laws of the United States, Title 35, United States Code, arising out of Defendant's filing of ANDA No. 211689 with the FDA seeking approval to engage in the commercial manufacture, use, sale and importation of fulvestrant intramuscular injectable, 50 mg/mL product (the "Proposed ANDA Product"), which is a generic version of AstraZeneca's FASLODEX® (fulvestrant) intramuscular injection product, prior to the expiration of AstraZeneca's U.S. Patent Nos.

2

6,774,122, 7,456,160, 8,329,680, and 8,466,139.

## **JURISDICTION AND VENUE**

8.     This Court has jurisdiction over the subject matter of this action, which arises under the patent laws of the United States, pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

9.     This Court has personal jurisdiction over Defendant because Defendant has maintained continuous and systematic contacts with the State of North Carolina and this District.

10.     On information and belief, Defendant markets and sells generic pharmaceutical products throughout the United States, including in the State of North Carolina, at least by making and shipping into this judicial district, or by offering to sell or selling, or causing others to offer to sell or sell, generic pharmaceutical products. Defendant derives substantial revenue from goods used or consumed or services rendered in this judicial district.

11.     This Court has personal jurisdiction over Defendant Accord by virtue of, *inter alia*, its conduct of business in this District, its purposeful availment of the rights and benefits of North Carolina law, and its substantial, continuous, and systematic contacts with the State of North Carolina.  On information and belief, Defendant Accord: (1) is incorporated in the State of North Carolina; (2) intentionally markets and provides its generic pharmaceutical products to residents of this State; (3) enjoys substantial income from this State; and (4) affirmatively avails itself of the jurisdiction of this Court by filing

3

counterclaims in this District and by being sued in this District without challenging personal jurisdiction.

12. On information and belief, Defendant directly or through its subsidiaries, manufactures, imports, markets, and sells generic drugs throughout the United States and in this judicial district.

13. On information and belief, Defendant intends to manufacture for distribution, and to distribute and sell its Proposed ANDA Product throughout the United States and in this judicial district. Defendant's filing of ANDA No. 211689 confirms this intention and additionally subjects Defendant to the specific personal jurisdiction of this Court. *See Acorda Therapeutics Inc. v. Mylan Pharms. Inc.*, 817 F.3d 755 (Fed. Cir. 2016).

14. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

15. On August 3, 2018, AstraZeneca filed an amended complaint against Defendant in the United States District Court for the District of New Jersey (the "Accord New Jersey Action"). The amended complaint in the Accord New Jersey Action alleged the same acts of infringement as the present complaint. A copy of the amended complaint is attached as **Appendix A**. Pursuant to Local Civil Rule 11.2 of that Court, the Accord New Jersey action was certified as related to fifteen other Hatch-Waxman litigations also

4

involving the FASLODEX® (fulvestrant) intramuscular injection product, the same product at issue here, and the same Patents-in-Suit.[1]

16. On information and belief, based on Defendant's continuous and systematic business contacts with New Jersey, Defendant should be subject to personal jurisdiction in the District of New Jersey; however, Defendant may assert that it is not subject to such jurisdiction.

---

[1] The Hatch-Waxman litigations pending before the Hon. Renee Marie Bumb of the United States District Court of the District of New Jersey, and certified as related litigations in the Accord New Jersey Action under L.Civ.R. 11.2, are the following: *ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, and ASTRAZENECA AB v. SANDOZ INC., and SANDOZ INTERNATIONAL GmbH,* C.A. No. 1:14-cv-03547-RMB-KMW *("AstraZeneca v. Sandoz")*; *ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, and ASTRAZENECA AB v. SAGENT PHARMACEUTICALS, INC.,* C.A. No. 1:14-cv-05539-RMB-KMW *("AstraZeneca v. Sagent")*; *ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, and ASTRAZENECA AB v. GLENMARK PHARMACEUTICALS INC., USA,* C.A. No. 1:15-cv-00615-RMB-KMW *("AstraZeneca v. Glenmark")*; *ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, and ASTRAZENECA AB v. AGILA SPECIALTIES, INC. F/K/A STRIDES INC., ONCO THERAPIES LIMITED, MYLAN PHARMACEUTICALS INC., MYLAN LABORATORIES LIMITED, and MYLAN INC.,* C.A. No. 1:15-cv- 06039-RMB-KMW *("AstraZeneca v. Agila")*; *ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, and ASTRAZENECA AB v. MYLAN PHARMACEUTICALS INC., MYLAN LABORATORIES LIMITED, and MYLAN INC.,* C.A. No. 1:15-cv-07009-RMB-KMW *("AstraZeneca v. Mylan")*; *ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, and ASTRAZENECA AB v. TEVA PHARMACEUTICALS USA, INC.,* C.A. No. 1:15-cv-07889-RMB-KMW *("AstraZeneca v. Teva Second Wave")*; *ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, and ASTRAZENECA AB v. INNOPHARMA, INC.,* C.A. No. 1:16-cv-00894-RMB-KMW *("AstraZeneca v. InnoPharma Inc.")*; *ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, and ASTRAZENECA AB v. INNOPHARMA LICENSING LLC,* C.A. No. 1:16-cv-01962-RMB-KMW *("AstraZeneca v. InnoPharma Licensing")*; *ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, and ASTRAZENECA AB v. MYLAN INSTITUTIONAL LLC,* C.A. No. 1:16-cv-04612-RMB-KMW *("AstraZeneca v. Mylan Institutional")*; *ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, and ASTRAZENECA AB v. DR. REDDY'S LABORATORIES, INC. and DR. REDDY'S LABORATORIES, LTD.,* C.A. No. 1:17-cv-00926-RMB-KMW *("AstraZeneca v. Dr. Reddy's")*; *ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, and ASTRAZENECA AB v. AMNEAL PHARMACEUTICALS LLC,* C.A. No. 1:17-cv-01968-RMB-KMW *("AstraZeneca v. Amneal")*; *ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, and ASTRAZENECA AB v. HBT LABS, INC.,* C.A. No. 1:17-cv-02652-RMB-KMW *("AstraZeneca v. HBT")*; *ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, and ASTRAZENECA AB v. TEVA PHARMACEUTICALS USA, INC.,* C.A. No. 1:17-cv-02448-RMB-KMW *("AstraZeneca v. Teva")*; *ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, and ASTRAZENECA AB v. FRESENIUS KABI USA, LLC,* C.A. No. 1:17-cv-13075-RMB-KMW ("*AstraZeneca v. Fresenius*"); *ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, and ASTRAZENECA AB v. APOTEX INC. and APOTEX CORP.,* C.A. No. 1:18-cv-11238-RMB-KMW ("*AstraZeneca v. Apotex*").

5

17. AstraZeneca is therefore filing the instant complaint, which has identical infringement claims against Defendant as the Accord New Jersey Complaint, a so-called Hatch-Waxman "protective suit," to preserve its right to a 30-month stay under 21 U.S.C. § 355(j)(5)(B)(iii).

**THE PATENTS-IN-SUIT**

18. United States Patent No. 6,774,122 (the "'122 Patent"), entitled "Formulation," was duly and legally issued on August 10, 2004 and will expire on January 9, 2021, with an additional six months of pediatric exclusivity that will expire July 9, 2021. AstraZeneca AB is the legal owner of the '122 Patent. AstraZeneca UK Limited is the beneficial owner of the '122 Patent. A copy of the '122 Patent is attached as **Appendix B**.

19. United States Patent No. 7,456,160 (the "'160 Patent"), entitled "Formulation," was duly and legally issued on November 25, 2008 and will expire on January 9, 2021, with an additional six months of pediatric exclusivity that will expire July 9, 2021. AstraZeneca AB is the legal owner of the '160 Patent. AstraZeneca UK Limited is the beneficial owner of the '160 Patent. A copy of the '160 Patent is attached as **Appendix C**.

20. United States Patent No. 8,329,680 (the "'680 Patent"), entitled "Formulation," was duly and legally issued on December 11, 2012 and will expire on January 9, 2021, with an additional six months of pediatric exclusivity that will expire July 9, 2021. AstraZeneca AB is the legal owner of the '680 Patent. AstraZeneca UK Limited is the beneficial owner of the '680 Patent. A copy of the '680 Patent is attached

6

as **Appendix D**.

21.    United States Patent No. 8,466,139 (the "'139 Patent"), entitled "Formulation," was duly and legally issued on June 18, 2013 and will expire on January 9, 2021, with an additional six months of pediatric exclusivity that will expire July 9, 2021. AstraZeneca AB is the legal owner of the '139 Patent. AstraZeneca UK Limited is the beneficial owner of the '139 Patent. A copy of the '139 Patent is attached as **Appendix E**.

## FACTUAL BACKGROUND

### *FASLODEX® (fulvestrant) intramuscular injection*

22.    FASLODEX® (fulvestrant) intramuscular injection is an estrogen receptor antagonist approved by the FDA for the treatment of: (a) hormone receptor positive metastatic breast cancer in postmenopausal women with disease progression following antiestrogen therapy; (b) hormone receptor positive, HER2-negative advanced or metastatic breast cancer in combination with palbociclib in women with disease progression following endocrine therapy; and (c) treatment of hormone receptor (HR)-positive, human epidermal growth factor receptor 2 (HER2)-negative advanced breast cancer in postmenopausal women not previously treated with endocrine therapy.

23.    FDA regulatory exclusivity for the treatment of hormone receptor positive, HER2-negative advanced or metastatic breast cancer in combination with palbociclib in women with disease progression following endocrine therapy will expire on February 19, 2019.

24.    FDA regulatory exclusivity for treatment of hormone receptor (HR)-positive,

human epidermal growth factor receptor 2 (HER2)-negative advanced breast cancer in postmenopausal women not previously treated with endocrine therapy will expire on August 25, 2020.

25. AstraZeneca UK Limited is the holder of approved New Drug Application ("NDA") No. 21-344 for FASLODEX® (fulvestrant) intramuscular injection, in 50 mg/mL dosage forms. AstraZeneca Pharmaceuticals LP is the authorized agent for matters related to NDA No. 21-344 in the United States.

26. The use of FASLODEX® (fulvestrant) intramuscular injection is covered by one or more Claims of the '122, '160, '680, and '139 Patents.

27. The '122, '160, '680, and '139 Patents have been listed for NDA No. 21-344 in the FDA's publication, *Approved Drug Products with Therapeutic Equivalence Evaluations*, which is referred to as the "Orange Book."

28. AstraZeneca Pharmaceuticals LP sells and distributes FASLODEX® (fulvestrant) intramuscular injection in the United States pursuant to NDA No. 21-344.

### *DEFENDANT'S ANDA*

29. By Notice Letter dated July 13, 2018, Defendant notified AstraZeneca that Defendant's ANDA No. 211689 ("Defendant's ANDA") was submitted to the FDA and that Defendant is seeking approval to engage in the commercial manufacture, use and sale of the Proposed ANDA Product prior to the expiration of the '122, '160, '680, and '139 Patents, and included within ANDA No. 211689 a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification") that the '122, '160, '680, and '139

8

Patents are invalid and/or will not be infringed by the manufacture, use, importation, sale or offer for sale of the Proposed ANDA Product.

30. On information and belief, Defendant was necessarily aware of the Patents-in-Suit when ANDA No. 211689 was filed with a Paragraph IV Certification.

31. On information and belief, the Proposed ANDA Product is a pharmaceutical formulation comprising fulvestrant, a mixture of 10% weight of ethanol per volume of formulation, 10% weight of benzyl alcohol per volume of formulation and 15% weight of benzyl benzoate per volume of formulation and a sufficient amount of a castor oil vehicle so that the formulation comprises about 50 mgml$^{-1}$ fulvestrant.

32. On information and belief, Defendant's ANDA No. 211689 refers to and relies upon AstraZeneca's FASLODEX® (fulvestrant) intramuscular injection NDA and contains data that, according to Defendant, demonstrate the bioequivalence of the Proposed ANDA Product and FASLODEX® (fulvestrant) intramuscular injection, including achieving a blood plasma fulvestrant concentration of at least 2.5 mg/ml$^{-1}$ for at least 4 weeks after injection.

33. On information and belief, the Proposed ANDA Product label will have instructions for use that substantially copy the instructions for FASLODEX® (fulvestrant) intramuscular injection, including instructions for administering the Proposed ANDA Product by intramuscular injection to treat hormone dependent breast cancer. The instructions accompanying the Proposed ANDA Product will induce others to use and/or contribute to others' use of the Proposed ANDA Product in the manner set forth in the

9

instructions.  Defendant Accord is blocked from seeking approval from the FDA to engage in the commercial manufacture, use, sale and importation of the Proposed ANDA Product to treat HR-positive, human epidermal growth factor receptor 2 (HER2)-negative advanced or metastatic breast cancer in combination with palbociclib in women with disease progression after endocrine therapy prior to the expiration of AstraZeneca's data exclusivity on February 19, 2019.  Defendant Accord is blocked from seeking approval from the FDA to engage in the commercial manufacture, use, sale and importation of the Proposed ANDA Product for treatment of hormone receptor (HR)-positive, human epidermal growth factor receptor 2 (HER2)-negative advanced breast cancer in postmenopausal women not previously treated with endocrine therapy prior to the expiration of AstraZeneca's data exclusivity on August 25, 2020.

34.     On information and belief, the Proposed ANDA Product will have no FDA approved, non-infringing uses.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,774,122

35.     Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1–34 of this Complaint.

36.     The use of the Proposed ANDA Product is covered by one or more Claims of the '122 Patent.

37.     Defendant's submission of ANDA No. 211689 under 21 U.S.C. § 355(j) for the purpose of obtaining approval to engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product before the expiration

Case 1:18-cv-00731-LCB-JLW     Document 1     Filed 08/24/18     Page 10 of 21

of the '122 Patent constitutes infringement of one or more Claims of the '122 Patent under 35 U.S.C. § 271(e)(2).

38. On information and belief, Defendant plans to, intends to, and will engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product immediately upon approval of ANDA No. 211689 and will direct physicians and patients on the use of the Proposed ANDA Product through product labeling.

39. On information and belief, the Proposed ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, will be used in a manner that would directly infringe at least one or more Claims of the '122 Patent under 35 U.S.C. § 271(a).

40. Upon FDA approval of ANDA No. 211689, Defendant will infringe the '122 Patent by making, using, offering to sell, selling, and/or importing the Proposed ANDA Product in the United States, and by actively inducing and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

41. On information and belief, Defendant had knowledge of the '122 Patent when it submitted ANDA No. 211689 to the FDA and Defendant knows or should have known that it will aid and abet another's direct infringement of at least one of the Claims of the '122 Patent.

42. The Notice Letter lacks any legitimate legal or factual basis for non-infringement of any Claims of the '122 Patent.

43. Defendant had knowledge of the '122 Patent and is knowingly and willfully

infring the '122 Patent.

44. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Plaintiffs have no adequate remedy at law.

45. On information and belief, Defendant lacked a good faith basis for alleging invalidity and/or non-infringement of the '122 Patent when it filed its Paragraph IV Certification. Accordingly, Defendant's Paragraph IV Certification was wholly unjustified, and this case is exceptional under 35 U.S.C. § 285.

## COUNT II: DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 6,774,122

46. Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1–45 of this Complaint.

47. This count arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

48. On information and belief, Defendant has taken and plans to, intends to, and will take active steps to induce, or contribute to, the infringement of the '122 Patent under 35 U.S.C. § 271(b) and/or § 271(c), after ANDA No. 211689 is approved.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,456,160

49. Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1–48 of this Complaint.

50. The use of the Proposed ANDA Product is covered by one or more Claims

12

of the '160 Patent.

51.     Defendant's submission of ANDA No. 211689 under 21 U.S.C. § 355(j) for the purpose of obtaining approval to engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product before the expiration of the '160 Patent constitutes infringement of one or more Claims of the '160 Patent under 35 U.S.C. § 271(e)(2).

52.     On information and belief, Defendant plans to, intends to, and will engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product immediately upon approval of ANDA No. 211689 and will direct physicians and patients on the use of the Proposed ANDA Product through product labeling.

53.     On information and belief, the Proposed ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, will be used in a manner that would directly infringe at least one or more Claims of the '160 Patent under 35 U.S.C. § 271(a).

54.     Upon FDA approval of ANDA No. 211689, Defendant will infringe the '160 Patent by making, using, offering to sell, selling, and/or importing the Proposed ANDA Product in the United States, and by actively inducing and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

55.     On information and belief, Defendant had knowledge of the '160 Patent when it submitted ANDA No. 211689 to the FDA and Defendant knows or should have known that it will aid and abet another's direct infringement of at least one of the Claims

13

of the '160 Patent.

56. The Notice Letter lacks any legitimate legal or factual basis for non-infringement of any Claims of the '160 Patent.

57. Defendant had knowledge of the '160 Patent and is knowingly and willfully infringing the '160 Patent.

58. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Plaintiffs have no adequate remedy at law.

59. On information and belief, Defendant lacked a good faith basis for alleging invalidity and/or non-infringement of the '160 Patent when it filed its Paragraph IV Certification. Accordingly, Defendant's Paragraph IV Certification was wholly unjustified, and this case is exceptional under 35 U.S.C. § 285.

## COUNT IV: DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 7,456,160

60. Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1–59 of this Complaint.

61. This count arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

62. On information and belief, Defendant has taken and plans to, intends to, and will take active steps to induce, or contribute to, the infringement of the '160 Patent under

14

35 U.S.C. § 271(b) and/or § 271(c), after ANDA No. 211689 is approved.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 8,329,680

63. Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1–62 of this Complaint.

64. The use of the Proposed ANDA Product is covered by one or more Claims of the '680 Patent.

65. Defendant's submission of ANDA No. 211689 under 21 U.S.C. § 355(j) for the purpose of obtaining approval to engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product before the expiration of the '680 Patent constitutes infringement of one or more Claims of the '680 Patent under 35 U.S.C. § 271(e)(2).

66. On information and belief, Defendant plans to, intends to, and will engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product immediately upon approval of ANDA No. 211689 and will direct physicians and patients on the use of the Proposed ANDA Product through product labeling.

67. On information and belief, the Proposed ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, will be used in a manner that would directly infringe at least one or more Claims of the '680 Patent under 35 U.S.C. § 271(a).

68. Upon FDA approval of ANDA No. 211689, Defendant will infringe the '680 Patent by making, using, offering to sell, selling, and/or importing the Proposed ANDA

15

Product in the United States, and by actively inducing and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

69. On information and belief, Defendant had knowledge of the '680 Patent when it submitted ANDA No. 211689 to the FDA and Defendant knows or should have known that it will aid and abet another's direct infringement of at least one of the Claims of the '680 Patent.

70. The Notice Letter lacks any legitimate legal or factual basis for non-infringement of any Claims of the '680 Patent.

71. Defendant had knowledge of the '680 Patent and is knowingly and willfully infringing the '680 Patent.

72. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Plaintiffs have no adequate remedy at law.

73. On information and belief, Defendant lacked a good faith basis for alleging invalidity and/or non-infringement of the '680 Patent when it filed its Paragraph IV Certification. Accordingly, Defendant's Paragraph IV Certification was wholly unjustified, and this case is exceptional under 35 U.S.C. § 285.

### COUNT VI: DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 8,329,680

74. Plaintiffs hereby reallege and incorporate by reference the allegations of

16

paragraphs 1–73 of this Complaint.

75.     This count arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

76.     On information and belief, Defendant has taken and plans to, intends to, and will take active steps to induce, or contribute to, the infringement of the '680 Patent under 35 U.S.C. § 271(b) and/or § 271(c), after ANDA No. 211689 is approved.

### COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 8,466,139

77.     Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1–76 of this Complaint.

78.     The use of the Proposed ANDA Product is covered by one or more Claims of the '139 Patent.

79.     Defendant's submission of ANDA No. 211689 under 21 U.S.C. § 355(j) for the purpose of obtaining approval to engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product before the expiration of the '139 Patent constitutes infringement of one or more Claims of the '139 Patent under 35 U.S.C. § 271(e)(2).

80.     On information and belief, Defendant plans to, intends to, and will engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product immediately upon approval of ANDA No. 211689 and will direct physicians and patients on the use of the Proposed ANDA Product through product

17

labeling.

81. On information and belief, the Proposed ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, will be used in a manner that would directly infringe at least one or more Claims of the '139 Patent under 35 U.S.C. § 271(a).

82. Upon FDA approval of ANDA No. 211689, Defendant will infringe the '139 Patent by making, using, offering to sell, selling, and/or importing the Proposed ANDA Product in the United States, and by actively inducing and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

83. On information and belief, Defendant had knowledge of the '139 Patent when it submitted ANDA No. 211689 to the FDA and Defendant knows or should have known that it will aid and abet another's direct infringement of at least one of the Claims of the '139 Patent.

84. The Notice Letter lacks any legitimate legal or factual basis for non-infringement of any Claims of the '139 Patent.

85. Defendant had knowledge of the '139 Patent and is knowingly and willfully infringing the '139 Patent.

86. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Plaintiffs have no adequate remedy at law.

87. On information and belief, Defendant lacked a good faith basis for alleging invalidity and/or non-infringement of the '139 Patent when it filed its Paragraph IV

18

Certification. Accordingly, Defendant's Paragraph IV Certification was wholly unjustified, and this case is exceptional under 35 U.S.C. § 285.

## COUNT VIII: DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 8,466,139

88. Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1–87 of this Complaint.

89. This count arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

90. On information and belief, Defendant has taken and plans to, intends to, and will take active steps to induce, or contribute to, the infringement of the '139 Patent under 35 U.S.C. § 271(b) and/or § 271(c), after ANDA No. 211689 is approved.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

a) Judgment that the '122, '160, '680, and '139 Patents are valid and enforceable;

b) Judgment that Defendant's submission of ANDA No. 211689 was an act of infringement of one or more Claims of the '122, '160, '680, and '139 Patents under 35 U.S.C. § 271(e)(2);

c) Judgment that Defendant's making, using, offering to sell, selling, or importing into the United States of the Proposed ANDA Product prior to the expiration of the '122, '160, '680, and '139 Patents, will directly

19

infringe, will actively induce infringement, and/or will contribute to the infringement of one or more Claims of the '122, '160, '680, and/or '139 Patents;

d)      An Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of ANDA No. 211689 shall be a date that is not earlier than the expiration of the '122, '160, '680, and '139 Patents plus any other exclusivity to which Plaintiffs are or become entitled;

e)      An Order permanently enjoining Defendant, its affiliates and subsidiaries, each of its officers, agents, servants and employees, and any person acting in concert with Defendant, from making, using, offering to sell, selling, marketing, distributing, or importing into the United States the Proposed ANDA Product until after the expiration of the '122, '160, '680, and '139 Patents plus any other exclusivity to which Plaintiffs are or become entitled;

f)      Judgment declaring that infringement, inducement or contributory infringement of the '122, '160, '680, and/or '139 Patents by Defendant is willful should Defendant commercially manufacture, use, offer to sell, sell, or import into the United States the Proposed ANDA Product;

g)      A declaration that this case is an exceptional case within the meaning of 35 U.S.C. § 285 and an award of reasonable attorneys' fees,

expenses, and disbursements of this action;

h) Plaintiffs' reasonable costs and expenses in this action; and

i) Such further and other relief as this Court deems proper and just.

Dated: August 24, 2018     Respectfully submitted,

By: /s/ *Lynne A. Borchers*
Lynne A. Borchers
NC State Bar No. 32386
Peter D. Siddoway
NC State Bar No. 45647
**SAGE PATENT GROUP, PLLC**
4120 Maine at North Hills Street
Suite 230
Raleigh, NC 27609
Telephone: (984) 219-3358
Facsimile: (984) 538-0416
Email: lborchers@sagepat.com
Email: psiddoway@sagepat.com

OF COUNSEL:

Lisa B. Pensabene, Esq.
Caitlin Hogan, Esq.
Eberle Schultz, Esq.
**O'MELVENY & MYERS LLP**
7 Times Square
New York, New York 10036
(212) 326-2000

*Attorneys For Plaintiffs, AstraZeneca*
*Pharmaceuticals LP, AstraZeneca UK Limited,*
*and AstraZeneca AB*

21